UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
RICARDO DIAZ,                    :
       Plaintiff,                :
                                 :
   v.                            :   Case No. 3:13-cv-629(AWT)
                                 :
GORMAN SCOTT,                    :
       Defendant.                :
```

INITIAL REVIEW ORDER

The plaintiff, Ricardo Diaz, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983.  He names one defendant, Correctional Officer Gorman Scott.

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.  In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell

Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that, on May 23, 2012, he held the food trap open when defendant Scott attempted to collect the trash and started to yell and swear at defendant Scott about the plaintiff's radio.  When the plaintiff refused an order to remove his hand from the trap, defendant Scott struck the plaintiff's right wrist with the trap key.  The plaintiff continues to suffer pain and numbness in his wrist from the injury.  The court concludes that the claim for use of excessive force should proceed at this time.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1)  The **Clerk shall** verify the current work address for defendant Scott with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet

to him at the confirmed address within **fourteen (14) days** of this order.  The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)  The **Clerk shall** send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(3)  **The defendant shall** file his response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order.  If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He also may include any and all additional defenses permitted by the Federal Rules.

(4)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(5)  All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(6)  Pursuant to Local Civil Rule 7(a), a nonmoving party

must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

    (7)  Local Court Rule 83.1(c)2 provides that If the plaintiff changes his address at any time during the litigation of this case, the plaintiff **MUST** notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, indicate the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

    It is so ordered.

    Dated this 7th day of June 2013, at Hartford, Connecticut.

                                             /s/AWT
                                    Alvin W. Thompson
                           United States District Judge